MALCOLM McNAGHTEN, H. R. G. PHILP, JOHN G. BULLOCK, ARTHUR LETTS, JR., AND HAROLD JANSS, EXECUTORS, ESTATE OF ARTHUR LETTS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5846.    Promulgated October 9, 1928.

*Thomas R. Dempsey, Esq.*, and *A. Calder Mackay, Esq.*, for the petitioners.

*John D. Foley, Esq.*, for the respondent.

## OPINION.

VAN FOSSAN: The respondent contends that the Moses loan was an obligation or liability of the Broadway Department Store in 1918 and 1919, and was assumed by the corporation upon the transfer of the business and the assignment of the Moses lease in 1919. Since the business reported its income and was taxed as a corporation in 1918 and 1919, it is contended that interest upon the loan for those years is an expense of the business and deductible from its income, and is not an allowable deduction from the individual income of Arthur Letts, even though he paid the interest out of his personal funds.

The facts are clear and uncontroverted. They are set forth in our findings and it is unnecessary to repeat them here. There is nothing whatever, in this record, to support the position of the respondent. The loan clearly was the personal and primary obligation of Arthur Letts and was at no time assumed, accepted or acknowledged as a liability by the Broadway Department Store, either before or after incorporation. Indeed the lender, James Moses, expressly provided that any assignment of the lease should not diminish or in any manner affect the liability of Letts on the loan, and it is doubtful that Letts could have been relieved of his personal liability on the loan without the express consent of Moses. Certain it is that the mere assignment of the Moses lease did not relieve Letts of his personal obligation and liability on the loan and substitute therefor the obligation and liability of the assignee. Letts paid the interest on the loan for 1918, 1919, and 1920, and also the principal amount of the loan, out of his personal funds. The amounts of interest so paid for the taxable years 1918 and 1919 are allowable deductions from the individual income of Arthur Letts for the respective years, under section 214(a)(2) of the Revenue Act of 1918. Clearly, the respondent erred in refusing to allow the deductions.

It is unnecessary to consider the alternative issue raised by the pleadings.

The deficiency, or deficiencies, if any, shall be redetermined in accordance with this opinion and findings of fact.

*Judgment will be entered under Rule 50.*